UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCANNED
APR 2 1 2025 LT
U.S. DISTRICT COURT MPLS

CHARLES EDWARD FIELDS,
  PETITIONER,

V.

B. EISCHEN, FPC DULUTH, FBOP, ET AL,
  RESPONDENT

RECEIVED BY MAIL
APR 2 1 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Case No. 25-cv-01590-LMP-SGE
to be determined

## MOTION FOR WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. § 2241
## EMERGENCY CONSIDERATION

Comes now Petitioner, Charles Edward Fields, Pro Se, petitioning this Honorable Court to grant a writ of habeas corpus based on 28 U.S.C. § 2241 and provisions of the Administrative Procedures Act (APA), and based upon an arbitrary and capricious analysis that the FBOP has conducted with respect to his eligibility to receive substance abuse therapy under 18 U.S.C. § 3621(e). Given the dire nature and uncertainty surrounding FPC Duluth's deactivation and closure, Petitioner has not been able to effaciously complete the FBOP's administrative remedy process under 28 CFR § 542.10(a) due to multiple instances of negligence, he presents this emergeny motion for habeas relief. Petitioner brings forth substantial evidence of procedural misguidance in addition to evidence of a documented substance abuse disorder dating back to his teens, yet the FBOP and FPC Duluth's local RDAP team are refusing to provide him with eligibility to take part in the FBOP's RDAP program. He is unable to even obtain an interview under §3621(e) to get an official offense review status or legal review, as he is being told that he doesn't meet the 12 month substance addiction (prior to sentencing requirement). This is a moot point when extraordinay conditions leading up to his sentence are considered, such as his attorney dying, leaving him with hazy representation during the critical part of his conviction where RDAP eligibility is to be determined. Given that FPC Duluth's RDAP program is set to be terminated, and Fields being designated to another BOP facility (without RDAP), he respectfully asks this Court to fairly review his circumstances and eligibility for §3621(e) with the evidence provided, so that he may be redesignated and sent to a proper institution to complete the program. Petitioner acknowledges that Courts do not have jurisdiction with respect to prison designations or locations, but does point that §1B1.13 does determine their ability to remove procedural barriers to define participation RDAP, and receive a sentence reduction. By doing so, Petitioner could be sent to an RDAP facility immediately, and receive the full benefit of the treatment.
The statute's plain meaning, in direct comparisson with the FBOP program statement show that Petitioner should be made eligible for the program.

The Petitioner requests that the Court construe his language and argument(s) liberally as he is

not a professional attorney (Tanaescu v. United States, 2021, US APP Lexis 35982). This motion is based on the attached memorandum of law, the declaration of the Petitioner, and the exhibits thereto, and the entire record of past proceedings in this matter.

## MEMORANDUM IN SUPPORT OF LAW

Petitioner is requesting that this Honorable Court grant a writ of habeas corpus under 28 U.S.C. §2241 regarding determining eligibility for §3621(e) towards the application of his prison sentence. The FBOP's broad application and ambiguous interpretation of the statute has caused the Petitioner to possibly spend more time in prison than he otherwise should, and is also denying him substance abuse therapy that he requires for his diagnosed substance abuse disorder. This is against the direct intent of the First Step Act of 2018, which mandates that providing programs, like RDAP, violates his due process rights by denying access to a rehabilitative program that he meets the requirements for. The Petitioner has been diagnosed with a serious substance abuse disorder, and the FBOP is not providing necessary care; as such, Petitioner asks this Court to grant an immediate review of his eligibility for the program with the evidence submitted in this motion, and also provide a recommendation for the FBOP to transfer him to an RDAP facility as soon as possible so that he may receive the full benefits of the program.

### I. Background

Petitioner, Charles Edward Fields, plead guilty to violating 18 U.S.C. § 1343 for wirefraud in 2024, and was subsequently sentenced to 54 months of imprisonment, to be followed by 3 years of federal supervised release. He self surrendered to FPC Duluth, a minimum rated facility, on June 20, 2024. He has now served approximately 20% of his statutory term.

Prior to sentencing, Petitioner was represented with an attorney who was battling cancer. While Fields was going through the pre-sentencing process, he was given guidance by said attorney to refrain from identifying his significant alcohol use; soon thereafter, said attorney became gravely ill and passed away. Because of this, petitioner appeared at sentencing with a substitute attorney, not familiar with the intimate details of Fields use disorder, so a judicial recommendation for RDAP was not requested. All of these details are verified by the Officer who completed Field's PSR examination (exhibit 1), as were the extenuated details of fields history of alcohol abuse. Fields approached the Duluth RDAP team several times in 2024 and 2025 with this supporting documentation, but was told that he did not meet the requirements of the program since he did not have a "diagnosed substance use disorder" the year leading up to his indictment, even though he provided sufficient documentation to dispute this.

### II. Jurisdiction and Venue:

Petitioner brings this action pursuant to 28 U.S.C. § 2241 for relief. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C. § 1331.

Venue is proper in the District of Minnesota pursuant to §2241(d) because petitioner is in custody at FPC Duluth in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because all of the events and omissions giving rise to these claims occured in this district as of the date of this filing.

III. Administrative Exhaustion is Futile:

The administrative remedy has not been an effacascious avenue for remedy, leaving a straight-forward legal question. The concept for exhaustion for § 2241 petitions is "judicially created and not mandated by statute"(see USSC amendment 814 pertaining to 28 U.S.C. §3582 for 2023, " "Sound Judicial Discretion Governs")(Mccarthy v. Madison, 503, US 140, 144, 112, Sct 1081, 117 L. Ed. 2d, 1992)(Lueth v. Beach, 498 F.3d, 795, 797, N.3, 2007), holding that failure to exhaust does not effect a Court's ability to decide a case where the exhaustion prerequisite for filing a petition is judicially created, not jurisdictional. The Court must balance the interests of the individual in retaining prompt access to a federal forum against counterveiling institutional interests favoring exhaustion.

Exhibit 2 also demonstrates that Petitioner HAS attempted to follow the BOP's administrative process, but the employees of the FBOP continuouslydisrupted the process by either losing mailings or missing key deadlines in the process which has forced Petitioner to start the process over many times. With respect to the dire circumstances of FPC Duluth's closure and it's uncertainty, in combination with the ineptness of BOP's employees, Petitioner argues that further exhaustion would be futile (Garza v. Davis, 596 F.3d 1198, 2010). This disruption has caused a 90+ day delay already in this matter, thus making this a judicial issue now. Petitioner asks the Court to consider the events provided in exhibit 2 as evidence that he has made a good faith effort to exhaust his administrative remedies.

IV. Argument:

18 U.S.C. § 3621(e) was originally drafted and signed into law by Congress to provide the FBOP with a formal substance abuse program that could be offered to provide meaningful recidivism reduction amongst inmates. BOP program statement P.5331.02, § 550.55(a)(1) and §550.55(b) lists what deems an inmate as "eligible" to participate within the program; most notably of these enumerated requirements, a defendant cannot be a violent offender. §55.55(c) outlines the official process for determining an inmate's eligibility under 18 U.S.C. § 3621(e)(2)(B). First, an offense review is conducted by DSSC legal, which is then passed to the acting DAPC. The inmate is then provided with a notice of qualification form, which is then signed and sent to the Unit Team and entered into the Sentry system (BP-A0941). After sentencing, the FBOP determines placement or "designation" for an inmate based on their programing status and needs. P5331.02 notes that inmates with a sentence exceeding 37 months will receive no more than 12 months off towards their sentence by completing the program. The primary qualifier amongst all of this, is that an inmate "must have a diagnosed substance abuse disorder", as determined by the Bureau of Prisons, and be willing to participate in a residential substance abuse treatment program. It also states

Petitioner also asks this Court to weigh the significance of his attorney's death in this matter as well. He acknowledges it would be impossible to prove ineffective counsel, but also knows he did not receive the proper guidance regarding rdap leading up to sentencing, which was acknowledged by Officer Smith. Because of this, his Judgement and Commitment order did not have an RDAP recommendation, when his alcohol history clearly shows that it should have.

Petitioner also was able to meet with Dr. Torress-Torress, the Regional Director of RDAP, and was subsequently provided little to no assistance, thus demonstrating a lack of a "good faith" effort to the "extent practicable" to provide him with substance abuse therapy for his clearly diagnosed condition. This is a clear demonstration of the FBOP breaking his due process. Lastly, Petitioner points to the rule of lenity, which "applies only when after consulting traditional canons of statutory construction, we are left with an ambiguous state" (United States v. Shabini, 513, Us 10, 17, 115, Sct 382, 1994). This means that any ambiguity or congressional intent is left unclear when reading the plain language of the statute and program statement, that the doubt will be resolved in favor of the defendant. These circumstances exist here due to the FBOP abusing it's agency authority given under Chevron deferance. In Loper Bright Enterprises v. Raimondo (603, 2024), the Court overruled Chevron v. Natural Resources (467 US 837, 1984), the Supreme Court found that in instances of Congressional intent ambiguity, it is the Court's who determine law, now so called "agency experts". That intent, under §3621(e) should be reviewed by this Court, as the FBOP is failing to honor its duty under the statute to provide Petitioner with substance abuse therapy, while also failing the intent of the First Step Act of 2018, to provide rehabilitation programming.

As such, Petitioner has met the burden of proving that he does have a documented and diagnosed substance abuse disorder, spanning the majority of his life, and that he is eligible to receive treatment and it's associated sentence reduction benefit. The unusual circumstances which occured during pre sentencing create extraordinary and compelling circumstances based on case law for this Court to either provide full consideration and eligibility for RDAP to Petitioner, or to provide a sentence reduction of up to twelve months in exchange due to the FBOP's failure to follow it's own administrative process, thus causing harm to the petitioner, and increasing his time in a prison setting. For these reasons, the writ of habeas corpus should be granted.

Inmate Conduct:
Inmate has remained incident report free through the duration of his incarceration, and is active in EBRR programs designed to reduce recidivism risk. He completed the level 2 barista certification program, adult education courses, and works full time as a barista tutor and a clerk in the education department. He has never been convicted of a violent offense. There is no public safety matter in this case.

Conclusion:
Petitioner has demonstrated through exhibits and the plain reading of the §3621(e) statute and

that "every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall, subject to the availability or appropriations, provide residential substance abuse treatment and make appropriate arrangements there after". Exhbit 2, already discussed, shows Field's attempts to document his substance abuse order through FPC Duluth's staff. Exhibit 3 provides documentation from Diana Finney (clinician) at Lifestance Health, discussing Fields documented substance abuse disorder as "alcohol dependence uncomplicated", "major depressive disorder, recurrent" and "post-traumatic stress disorder", stating that they require "persistent and intense therapeutic support". It also goes on to make a formal recommendation for the RDAP program to manage symptoms from becoming worse. It also acknowledges that "Charles has struggled with substances since he was young, and problematic". Exhibit 1 documents a report drafted by Gary Smith, US probation Officer in December of 2024, sent to Duluth's RDAP staff discussing the circumstances and perceived errors of the PSR process due to Field's attorney's death. He even states that "the sentencing judge almost certainly would have included a recommendation to participate in RDAP if requests by Fields at sentencing" Given that Petitioner was forced to use a new lawyer with little time, and that the information obtained in Exhibit 2 were obtained too late to be included in the PSR, the substance abuse disorder was erroneously missed prior to sentencing. This is why Officer Smith agreed to draft this letter post sentencing, and this fact should have it's weight considered in this matter. In addition, exhibit 4 provides documentation from Petitioner's spouse, documenting their marital issues stemming from his ongoing alcohol use, and how his alcohol disorder continued during the period of his indictment, all the way through sentencing, thus meeting the "1 year" requirement that the local RDAP staff ambiguously requires to be satisfied. All of these exhibits note a lengthy history of alcohol abuse, including two separate DWI convictions. This disorder is a lifetime problem for the Petitioner. He argues that these provide clear facts why he qualifies under both the plain language of §3621(e), and the FBOP's own program statement(P.5331.02). Furthermore, while Petitioner argues that this is not a formal request for "compassionate release", he asks this Court to review United States v. Woodson (20-CR-00218-S1-1) 2022), and United States v. Siclovan (2024, US Dist Lexis 121860), where the Court's acknowledged §1B1.13 as persuasive authority, and removed procedural barriers to define participation in RDAP. In Siclovan, the Court ruled that the FBOP's wrongful determination of eligibility in RDAP was an extraordinary and compelling reason to warrant a sentence reduction. As in that case, Petitioner argues he would also have a substantially lower prison sentence if he were able to complete RDAP. It is clear that the FBOP has failed to provide defendant with specialized treatment for his complex mental health conditions and addiction, despite defendant's continuous efforts to gain acces to that care, which places the defendant at risk of serious health deterioration. Petitioner notes that he has not been able to exhaust his administrative remedies; under 28 CFR 541.10(a), the FBOP is supposed to honor it's own compliance with agency deadlines. As Exhibit 2 demonstrates, the FBOP staff "dropped the ball" at every step of the process, even losing Petitioner's mail. At every step of this process, the FBOP has breached Petitioner's due process towards seeking eligibility status under § 3621(e).

the FBOP's own program statement that he meets the requirements to participate in RDAP and receive the benefits of the program. He has also documented the FBOP's negligence throughout the administrative exhaustion period, and how it has damaged his claim in this case. The FBOP has a statutory obligation to provide substance abuse therapy to those diagnosed with such a disorder, but it is failing to provide it to petitioner, despite demonstrating a life long addiction with alcohol. For these reasons, this Honorable Court should follow the plain reading of the statute, in addition with the exhibits produced, and grant eligibility status, and prison placement for RDAP to the Petitioner.

Respectfully submitted.

_____    _____
CHARLES EDWARD FIELDS                DATED: 4/15/25

## CERTIFICATE

I hereby certify the foregoing, pursuant to 28 U.S.C. § 1776, to be true and correct to the best of my knowledge and belief:

_____  4/15/25
signature and date: